**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHARVELT MISTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00149-SMY** |
| | ) | |
| **ILLINOIS DEPT. OF CORRECTIONS,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DR. SANTOS,** | ) | |
| **LISA KREBS,** | ) | |
| **and DR. JOHNNY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sharvelt Mister, a former inmate[1] of the Illinois Department of Corrections ("IDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations that occurred at Centralia Correctional Center ("Centralia"). (Doc. 15). Plaintiff claims he received inadequate medical and dental care in violation of his Eighth Amendment rights. He seeks money damages and injunctive relief against IDOC, Wexford Health Sources, Dr. Santos, Dr. Johnny, and Lisa Krebs.[2] (*Id.*).

---

[1] Plaintiff is now on parole. *See* https://www2.illinois.gov/idoc/offender/pages/inmatesearch. Because he was a "prisoner" when he filed this action, however, his Second Amended Complaint is subject to review under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(c).

[2] Plaintiff's request for injunctive relief was rendered moot by his transfer from Centralia and his release from confinement. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot."). Therefore, Plaintiff's request for injunctive relief will be denied without prejudice.

The Second Amended Complaint[3] is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Second Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 15, pp. 1-30): After transferring to Centralia on February 6, 2015, Plaintiff was denied adequate medical and dental care for an undisclosed period of time.[4] (*Id*. at pp. 4-6). A specialist diagnosed him with a wrist and neck fracture, lower back injuries, and a stomach condition that required surgery. (*Id*. at pp. 4-6, 8). Dr. Santos and/or Nurse Krebs would not authorize surgery, refer him to a specialist for further evaluation, or explore other treatment options. (*Id*. at p. 11). They prescribed pain medication that was ineffective.[5] (*Id*. at p. 6). Plaintiff's condition deteriorated and he still suffers from pain. (*Id*.). During this same time period, Dentist Johnny and/or Nurse Krebs refused

---

[3] Plaintiff filed the Second Amended Complaint (Doc. 15) before the Court screened the Complaint (Doc. 1) or First Amended Complaint (Doc. 11). It supersedes and replaces all prior versions and renders them void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

[4] This is one of several suits Plaintiff filed against officials who disregarded his medical and dental needs at IDOC facilities. *See also Mister v. Obadina*, No. 19-cv-148-NJR (S.D. Ill. 2019); *Mister v. Illinois Dep't of Corr.*, No. 19-cv-03031-MMM (C.D. Ill. 2019); *Mister v. Nawoor*, No. 19-cv-03033-MMM (C.D. Ill. 2019). This case is also one of several that may be time-barred under the two-year statute of limitations applicable to such claims. *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015). Because the allegations do not indicate how long the deprivations at Centralia continued, this case is inappropriate for dismissal at this stage. *Jones v. Bock*, 549 U.S. 199 (2007).

[5] Plaintiff alleges that his neck and back issues were significant enough to require a low bunk permit, but prison officials nevertheless denied him a neck brace. (*Id*. at pp. 6-7).

Plaintiff's request for a second set of dentures, despite his complaints of gum pain, swelling, and bleeding caused by his "worn out" set. (*Id*. at pp. 7, 12-13). Plaintiff maintains that Defendants' failure to treat these conditions resulted in unnecessary pain and suffering. (*Id*. at p. 9).

Based on the allegations, the Court finds it convenient to divide the Second Amended Complaint into the following Counts:

**Count 1:** Eighth Amendment claim against Defendants for their deliberate indifference to Plaintiff's wrist and neck fractures, back injury, stomach condition, and resulting pain at Centralia beginning in 2015.

**Count 2:** Eighth Amendment claim against Defendants for their deliberate indifference to Plaintiff's dental pain, swelling, and bleeding at Centralia beginning in 2015.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.[6]**

### Preliminary Dismissal

IDOC must be dismissed from this action at the outset. The Eleventh Amendment bars suits in federal court against the State and its agencies for money damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). As this case now only involves a request for money damages, IDOC will be dismissed with prejudice on grounds of sovereign immunity.

### Counts 1 and 2

The Eighth Amendment prohibits cruel and unusual punishment of inmates by prison officials. U.S. CONST. amend. VIII. An Eighth Amendment claim for the denial of medical or dental care requires a plaintiff to show that (1) he suffered from a serious medical condition

---

[6] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(objective element); and (2) each defendant was deliberately indifferent to a risk of serious harm from that condition (subjective element). *Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). A condition that significantly affects an individual's daily activities or involves chronic and substantial pain is considered objectively serious. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). The medical and dental conditions described in the Complaint satisfy the objective component of this claim at screening.

Knowingly disregarding the condition or persisting in an ineffective course of treatment satisfies the subjective element. *Conley v. Birch*, 796 F.3d 742, 747 (7th Cir. 2015) (citations omitted). To state a valid claim, however, the allegations must at least suggest that the defendant was personally responsible for the constitutional deprivation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted) (personal responsibility may arise where the individual directly participates in, directs, or condones the conduct causing the violation). With respect to Count 1, the allegations suggest that Dr. Santos and Nurse Krebs responded to Plaintiff's fractured wrist and neck, back injuries, and stomach issues with deliberate indifference by prescribing ineffective pain medication and nothing more. *Conley*, 796 F.3d at 747 (provision of ibuprofen and ice pack to inmate suffering suspected fracture may amount to deliberate indifference). With respect to Count 2, the allegations support a claim against "Dentist Johnny" and Nurse Krebs for disregarding Plaintiff's complaints of dental pain, swelling, and bleeding. *Berry*, 604 F.3d at 440 (persistence in ineffective course of treatment supports claim).

Neither claim survives review against Wexford, the private medical corporation that employs health care providers at the prison, because it cannot be liable solely on a *respondeat superior* basis under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014). Wexford can only be liable for deliberate indifference if an unconstitutional policy or practice of

the corporation caused the constitutional deprivation. Here, Plaintiff identifies no specific policy or custom attributable to Wexford, and he cannot rely on a vague allegation that it "declines to confirm that adequate care is instituted even after care is deemed or suspected inadequate." (Doc. 1, p. 16). Plaintiff's failure to identify a concrete policy or affirmative act on the part of Wexford is fatal to his claims against this defendant. *See Olive v. Wexford Corp.*, 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" deemed insufficient to support claim against medical corporation).

Accordingly, Count 1 will receive further review against Dr. Santos and Nurse Krebs, and Count 2 will proceed against Dentist Johnny and Nurse Krebs. Both claims will be dismissed without prejudice against all other defendants except the IDOC, which will be dismissed with prejudice from this action.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 15) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendants **DR. SANTOS** and **LISA KREBS**, and **COUNT 2** will proceed against **DR. JOHNNY** and **LISA KREBS**. Both claims are **DISMISSED** without prejudice against all other defendants, except Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** which is **DISMISSED** with prejudice. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk is **DIRECTED** to **TERMINATE** Defendants **WEXFORD HEALTH SOURCES** and **ILLINOIS DEPARTMENT OF CORRECTIONS** as parties in CM/ECF.

With respect to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **DR. SANTOS**, **DR. JOHNNY**, and **LISA KREBS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 17, 2019**

**s/ STACI M. YANDLE**
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**