IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHARVELT MISTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CV-149-RJD |
| | ) | |
| DR. VENERIO SANTOS, DR RALPH JOHNNIE, and LISA KREBS, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on the Motion for Judgment on the Pleadings (Doc. 27) filed by Defendants Dr. Venerio Santos and Dr. Ralph Johnnie, and the Motion for Judgment on the Pleadings (Doc. 29) filed by Defendant Lisa Krebs. Plaintiff failed to timely respond to the motions. Pursuant to Local Rule 7.1(c), the Court considers Plaintiff's failure to respond an admission of the merits of the motion. For the following reasons, the motions are **GRANTED**.

### Background

Plaintiff Sharvelt Mister, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit on February 7, 2019 pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Centralia Correctional Center ("Centralia"). Plaintiff is proceeding in this action on the following claims:

**Count 1:** Eighth Amendment claim against Defendants Santos and Krebs for their deliberate indifference to Plaintiff's wrist and neck fractures, back injury, stomach condition, and resulting pain at Centralia beginning in 2015.

**Count 2:** Eighth Amendment claim against Defendants Johnnie and Krebs for their deliberate indifference to Plaintiff's dental pain, swelling, and bleeding at Centralia beginning in 2015.

In his Amended Complaint, Plaintiff states he was transferred to Centralia on February 6, 2015 (Doc. 15 at 5).[1] Plaintiff alleges Defendants Dr. Santos, Dr. Johnnie, and Lisa Krebs, RN rendered inadequate and deliberately indifferent medical and dental treatment to Plaintiff while he was housed at Centralia (Doc. 15). Defendants filed motions for judgment on the pleadings arguing Plaintiff's claims are barred by the statute of limitations. Defendants assert that the applicable two-year statute of limitations period was exceeded in this instance because Plaintiff was transferred from Centralia on June 1, 2016; thus, the latest his complaint could have been timely filed was June 1, 2018.

**Legal Standard**

Defendants filed their motion to dismiss pursuant to Rule 12(c), 12(d) and 56(a). Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The Court applies the same standards for 12(c) motions that are applied when reviewing motions to dismiss under Rule 12(b)(6). *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). In particular, as with motions to dismiss filed under Rule 12(b)(6), judgment on the pleadings under Rule 12(c) is appropriate if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989). The district court may not look beyond the pleadings; however, it may take into consideration documents incorporated by reference to the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991) (citations omitted).

---

[1] According to the IDOC Transfer Record of Sharvelt Mister, this date was actually February 4, 2016 (Doc. 28-1 at 1).

Defendants attached to their motion the IDOC Transfer Record of Sharvelt Mister and ask that the Court convert their 12(c) motion into a motion for summary judgment under Rule 56. Importantly, when a party attaches a document to a motion to dismiss, Rule 12(d) prescribes that the court must either convert the 12(c) motion into a motion for summary judgment, or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12. FED. R. CIV. P. 12(d). Importantly, the district court ultimately has discretion in determining whether to convert a motion into a motion for summary judgment. *Levenstein*, 164 F.3d at 347 (citing *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). The Court exercises its discretion and converts Defendants' motions into motions for summary judgment, pursuant to Rule 12(d), in order to consider the attached transfer record.

## Analysis

Defendants contend that dismissal of the claims against them with prejudice is appropriate because Plaintiff filed his lawsuit after the statute of limitations had expired.

To determine the statute of limitations applicable in an action under 42 U.S.C. § 1983, federal courts look to the forum state's statute of limitations for personal injury claims. *Mitchell v. Donchin,* 286 F.3d 447, 450 n. 1 (7th Cir.2002); *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir.1998); *Lucien v. Jockish,* 133 F.3d 464, 466 (7th Cir.1998). In Illinois, this time period is two years. 735 ILCS 5/13-202. Thus, Plaintiff's claims are time-barred only if the events giving rise to the cause of action occurred more than two years prior to his filing a complaint against a defendant. Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir.1993).

Taking Plaintiff's allegations as true for the purpose of this motion, he was denied proper

treatment by Defendants while housed at Centralia. The date on which Defendants could have last been involved in Plaintiff's care was June 1, 2016, the date he was transferred from Centralia to Taylorville Correctional Center. Plaintiff's claims against Defendants should have been filed, at the latest, by June 1, 2018. Because Plaintiff did not file suit until February 7, 2019, judgment in favor of Defendants is appropriate.

## Conclusion

For the reasons set forth above, the Motions for Judgment on the Pleadings (Docs. 27 and 29) are **GRANTED**; Plaintiff's claims against Defendants Santos, Johnnie, and Krebs are **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 20, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**